IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

EUGENE M. JOHNSON,

    Plaintiff,

v.            CIVIL ACTION NO. 3:17-3656

WEST VIRGINIA DIVISION
OF REHABILITATIVE SERVICES,
WEST VIRGINIA DEPARTMENT
OF EDUCATION AND THE ARTS,
GENTRY CLINE,
TERESA SWECKER, and
TERESA HAER,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss by Defendants West Virginia Division of Rehabilitative Services (WVDRS), West Virginia Department of Education and the Arts, Gentry Cline, Teresa Swecker, and Teresa Haer.[1] ECF No. 16. Plaintiff Eugene M. Johnson opposes dismissal. For the following reasons, the Court **GRANTS** the motion.

**I. Background**

This action represents round two of federal actions filed by Plaintiff (*Johnson I* and *Johnson* II),[2] alleging disability discrimination related to his former employment. On August 16,

---

[1]Donna Ashworth also was named as a Defendant. On November 27, 2017, this Court dismissed Ms. Ashworth without prejudice because she was not served. *Mem. Op. and Order* (Nov. 27, 2017), ECF No. 25.

[2]Throughout this Memorandum Opinion and Order, the first action shall be referred to as *Johnson I*, 3:16-9308, and the current action shall be referred to as *Johnson* II, 3:17-3656.

2013, Plaintiff was hired by the WVDRS as a Rehabilitation Counselor to work in the Huntington District Office. *Johnson II Compl.*, at ¶9, ECF No. 2. Prior to being hired, Plaintiff was diagnosed with attention deficit hyperactivity disorder (ADHD), dyslexia, migraine headaches, and depression. *Id.* at ¶13. Plaintiff asserts that Defendants had notice of his disability status prior to his employment because he received services from the WVDRS. *Id.* at ¶¶14 & 16.

On March 18, 2015, Plaintiff filed his first Charge of Discrimination against the WVDRS with the Equal Employment Opportunity Commission (EEOC) for conduct that occurred on or before November of 2014. *Johnson v. W. Va. Div. of Rehab. Servs.*, No. 3:16-9308, 2017 WL 1395501, at *4 (S.D. W. Va. Apr. 17, 2017) (*Johnson I*). Approximately four months later, in or about July 2015, Plaintiff was terminated from his employment. *Johnson II Compl.*, at ¶49.[3]

Shortly after his termination, on August 24, 2015, Plaintiff received his first Right to Sue within 90 Days Letter from the EEOC. *Id.*, at ¶24. Thereafter, Plaintiff filed a civil action against the WVDRS, Teresa Swecker, and Teresa Haer in the Circuit Court of Cabell County, West Virginia, on November 17, 2015.[4] Plaintiff did not file an action in federal court within the 90-day period.

On March 15, 2016, Plaintiff filed a second charge against the WVDRS with the EEOC, "alleging disability discrimination, retaliation, discharge, and failure to accommodate" against the WVDRS. *Defs.' Mem. of Law in Supp. of Defs.' Mot. to Dismiss*, at 2, ECF No. 17; *Johnson I*, 2017 WL 1395501, at *4. Approximately one month later, on April 12, 2016, Plaintiff voluntarily

---

[3]Defendants assert Plaintiff's termination was effective on August 4, 2015. *Defs.' Mem. of Law in Supp. of Defs.' Mot. to Dismiss*, at 2, ECF No. 17.

[4]In his state court action, Plaintiff alleged a "failure to accommodate, violation of public policy, retaliation, intentional infliction of emotional distress, and violations of the Wage and Payment Act." *Johnson I*, 2017 WL 1395501, at *4 (internal quotation marks and citation omitted).

dismissed his state action to proceed with a Level III Grievance Hearing before the West Virginia Public Employees Grievance Board and his second EEOC charge. *Johnson I*, 2017 WL 1395501, at *4; *Defs.' Mem. of Law in Supp. of Defs.' Mot. to Dismiss*, at 2. According to Defendants, Plaintiff requested an indefinite continuance of his Level III Grievance Hearing on July 22, 2016, pending the outcome of his second EEOC Complaint. The continuance was granted over Defendants' objections. *Defs.' Mem. of Law in Supp. of Defs.' Mot. to Dismiss*, at 3.

More than a year after receiving his first Right to Sue within 90 Days Letter from the EEOC, and before the EEOC made a determination on his second EEOC Charge, Plaintiff filed his first action in this Court against the WVDRS on October 3, 2016. *Johnson I Compl.*, 3:16-09308, ECF No. 2. In his *Johnson I* Complaint, Plaintiff alleged the following five counts: (1) Count I—disability discrimination based upon the fact that the WVDRS terminated Plaintiff's disability-related services one week after hiring him in August 2013; (2) Count II—disability discrimination based upon the WVDRS's February 2014 decision to transfer Plaintiff's assistant to a different location; (3) Count III—disability discrimination based upon the WVDRS's June 2014 directive that Plaintiff only could interact with his assistant via email; (4) Count IV—disability discrimination based upon the WVDRS's denial of his requests for transfer that he began making in November 2014; and (5) Count V—disability discrimination based upon his termination in July 2015 instead of providing him a transfer as a reasonable accommodation. In the prayer for relief, Plaintiff requested damages for these alleged violations of Title VII of the Civil Rights Act of 1964 (Title VII) and the American with Disabilities Act (ADA).

On March 6, 2017, the WVDRS filed a motion to dismiss his first federal action. *Johnson I*, 3:16-9308, ECF No. 18. In considering the motion, the Court recognized that the EEOC had not issued a Right to Sue letter for the conduct alleged in Counts IV and V, and Plaintiff had a pending

state grievance related to Counts I, II, and III. *Johnson I*, 2017 WL 1395501, at *4. Therefore, the Court dismissed Plaintiff's case without prejudice because Plaintiff had not exhausted his administrative remedies and this Court lacked subject matter jurisdiction. *Id*. at *4-5.[5] Plaintiff did not appeal this decision.

Three days after the Court entered its decision in *Johnson I*, the EEOC issued a second Right to Sue within 90 Days Letter on April 20, 2017. *Johnson II Compl.*, at ¶25. Thereafter, Plaintiff filed the current action in this Court on July 19, 2017. In his second Complaint, Plaintiff names not only the WVDRS, but also the West Virginia Department of Education and the Arts, Donna Ashworth, Gentry Cline, Teresa Swecker, and Teresa Haer. Counts I through V are nearly verbatim to the Counts I through V in his first Complaint. The only significant difference in the second Complaint is that Plaintiff cursorily describes the roles of Defendants Ashworth, Cline, Swecker, and Haer in the alleged discriminatory actions, and he added a Count VI, alleging in a single sentence that the WVDRS's actions and omissions violated the Rehabilitation Act of 1973. Defendants now move to dismiss this Complaint.

**II. Legal Standard**

As in the first action, the motion to dismiss raises questions of both subject matter jurisdiction and the sufficiency of the pleadings. At the outset, this Court must address whether it has subject matter jurisdiction before it rules on the merits of any of Plaintiff's claims. *Johnson I*, 2017 WL 1395501, at *2. When, as here, a motion is made pursuant to Rule 12(b)(1) of the Federal

---

[5]Although in *Johnson I* the Court indicated that Plaintiff did not exhaust because he had a pending Level III Grievance, upon closer examination of the exhaustion framework, the Court more recently held that exhaustion under the Public Employee Grievance Board is not required. *Zeng v. Marshall Univ.*, 3:17-3008, 2018 WL 1410418, *12 (S.D. W. Va. Mar. 21, 2018) (holding "Plaintiff does not have to exhaust the PEGB procedures to pursue his claims of employment discrimination").

Rules of Civil Procedure, a court must determine whether it has jurisdiction to adjudicate the claims in the complaint. "Federal courts possess 'only the jurisdiction authorized them by the United States Constitution and by federal statute.'" *Id*. (quoting *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009)). If challenged, it is the plaintiff's burden to "establish[] a factual basis for jurisdiction." *Id*. (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). "If a 'facial attack' is made, the court must accept the complaint's allegations as true and decide if the complaint is sufficient to confer subject matter jurisdiction." *Id*. (citation omitted); *see also Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) (explaining that, "when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged"). If a "factual attack" is brought, the court may consider the allegations in the complaint as evidence, but also "'may consider evidence outside the pleadings without converting the proceedings to one for summary judgment.'" *Id*. (quoting *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768). Here, applying a Rule 12(b)(6) procedural framework, the Court finds Plaintiff has failed to establish subject matter jurisdiction on the face of his Complaint.

**III. Discussion**

In bringing this second action, Plaintiff suffers the same fundamental fatal flaw as he did in bringing the first action. In both instances, Plaintiff has failed to allege a proper basis to confer subject matter jurisdiction on this Court. In order to have an actionable claim,[6] section 706(c) of

---

[6]As this Court explained in dismissing Plaintiff's first action, "[t]he ADA explicitly adopts the enforcement procedures found within Title VII's provisions." *Id*. at *3 (citing 42 U.S.C. § 12117(a) ("The powers, remedies, and procedures set forth in sections . . . 2000e-5 . . . shall be

Title VII requires a plaintiff to exhaust his or her administrative remedies prior to instituting a judicial action alleging employment discrimination. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." (citation omitted)). Section 706(c) provides, in pertinent part:

> In the case of an alleged unlawful employment practice occurring in a State . . . which has a State . . . law prohibiting the unlawful employment practice alleged and establishing or authorizing a State . . . to grant or seek relief from such practice . . . no charge may be filed . . . by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State . . . law, unless such proceedings have been earlier terminated.

42 U.S.C. § 2000e–5(c), in part. As explained by the United States Supreme Court in *Oscar Mayer & Co. v. Evans*, 441 U.S. 750 (1979), "Congress intended through § 706(c) to screen from the federal courts those problems of civil rights that could be settled to the satisfaction of the grievant in 'a voluntary and localized manner.'" 441 U.S. at 755–56 (citing 110 Cong. Rec. 12725 (1964) (remarks of Sen. Humphrey)). The goal of this section is to give state agencies in "deferral states"[7] notice of discrimination claims so they can have "a limited opportunity to resolve problems of employment discrimination and thereby to make unnecessary, resort to federal relief by victims of the discrimination." *Id.* (citation omitted). In order to make sure state agencies are given this opportunity, "the section has been interpreted to require individuals in deferral States to resort to

---

the powers, remedies, and procedures this subchapter provides . . . ."); *Syndor v. Fairfax Cty.*, 681 F.3d 591, 593 (4th Cir. 2012)).

[7]A "deferral state" is a state that has established "a state or local authority [a "deferral agency"] authorized to grant or seek relief from unlawful employment practices prohibited by state or local law, for purposes of Title VII's section 706(c)." *Puryear v. Cty. of Roanoke*, 214 F.3d 514, 517 & n.2 (4th Cir. 2000) (citing *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 440 (4th Cir. 1998)).

appropriate state proceedings before bringing suit under Title VII." *Id*. at 756 (citing *Love v. Pullman Co.*, 404 U.S. 522 (1972); other citation omitted).

Therefore, when a "deferral state," such as West Virginia, "'makes available remedies for an employment practice prohibited under Title VII, the claimant must pursue the state remedy before filing a charge with the EEOC." *EEOC v. Brooks Run Mining Co.*, Civ. Act. No. 5:08-cv-00071, 2008 WL 2543545, at *2 (S.D. W. Va. June 23, 2008) (quoting *Cornell v. Gen. Elec. Plastics*, 853 F. Supp. 221, 224 (S.D. W. Va. 1994)). In West Virginia, the administrative remedies are set forth in the West Virginia Human Rights Act (WVHRA), W. Va. Code § 5-11-1 *et seq. Id*. Indeed, the EEOC has designated the WVHRC as a "fair employment practice agency" (often referred to as a "FEP agency" or "FEPA") as the qualifying agency or authority under section 706(c) of Title VII. 29 C.F.R. §§ 1601.70 & 1601.74. Thus, a claimant must file a claim under the WVHRA before filing a Charge of Discrimination with the EEOC.[8] *Id.*; *see also Woodrum v. Thomas Mem'l Hosp. Found. Inc.*, 45 F. Supp. 2d 538, 541 (S.D. W. Va. 1999) (stating, because West Virginia "has enacted a law 'prohibiting the unlawful employment practice alleged' and has 'establish[ed] or authoriz[ed] a State or local authority to grant or seek relief from such practice,' 'complainants are required to resort [to] state and local remedies' before they may proceed to the EEOC, and then to federal court, on their claims of discrimination under federal law.'" (quoting

---

[8]Plaintiff has made no argument that his EEOC claim was "dual filed" with the WVHRC. *See generally Petrelle v. Weirton Steel Corp.*, 953 F.2d 148, 153 (4th Cir. 1991) ("hold[ing] that under the work sharing agreement between the WVHRC and the EEOC, charges filed solely with the EEOC must be referred to the WVHRC before they commence proceedings before the WVHRC"); *Stanley v. Pub. Def. Corp.*, 3:17-3464, 2018 WL 1582736, *2 (S.D. W. Va. Mar. 30, 2018) (finding the "Charge of Discrimination filed with the EEOC does not reflect that a charge was filed with the WVHRC" (citation omitted)).

*Davis v. North Carolina Dep't of Correction*, 48 F.3d 134, 136 (4th Cir. 1995), citing *New York Gaslight Club, Inc. v. Carey*, 477 U.S. 54, 62 (1980) (footnote omitted)).

In this action, Plaintiff has not alleged he exhausted his state administrative remedies before he filed with the EEOC. Nevertheless, Plaintiff argues he should not be required to file a claim with the WVHRC prior to filing a federal claim because West Virginia Code § 5-11-13[9] permits him to file a civil action in state circuit court in lieu of filing a state administrative claim. *See Woodrum*, 45 F. Supp. 2d at 540 (stating that West Virginia Code § 5-11-13(a) "has been interpreted to give those 'aggrieved by human rights violations the option to proceed in circuit court, as an alternative to initiating administrative action.' These two avenues, however, are 'mutually exclusive, as section 5–11–13(a) makes clear.'" (quoting *Price v. Boone County Ambulance Auth.*, 337 S.E.2d 913, 916 (W. Va. 1985)). Although it is true a plaintiff in West Virginia has a choice to file an administrative claim with the WVHRC or go directly to *state* court, the same cannot be said of federal court. As stated above, a West Virginia plaintiff seeking a remedy under Title VII in federal court must exhaust his or her state administrative remedies as a

---

[9]West Virginia Code § 5-11-13(a) provides, in relevant part:

> Except as provided in subsection (b), nothing contained in this article shall be deemed to repeal or supersede any of the provisions . . . of any law of this state relating to discrimination because of . . . disability, but as to acts declared unlawful by section nine of this article the procedure herein provided shall, when invoked, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complainant concerned. If such complainant institutes any action based on such grievance without resorting to the procedure provided in this article, he or she may not subsequently resort to the procedure herein.

W. Va. Code § 5-11-13(a), in part.

prerequisite to obtaining a right to sue letter from the EEOC. Thus, even accepting the allegations in the Complaint as true, Plaintiff has not alleged any facts indicating he exhausted administrative remedies under the WVHRA before he obtained his right to sue letters from the EEOC. Thus, the EEOC letters are insufficient, and Plaintiff has not established that this Court has subject matter jurisdiction over his claims.[10]

## IV. Conclusion

Accordingly, as this Court does not have subject matter jurisdiction, the Court **GRANTS** Defendants' Motion to Dismiss.[11] As the Court did not reach the merits of the case, the Court **DISMISSES** this action **WITHOUT PREJUDICE**.

---

[10] Neither party provided the Court copies of the Charges of Discrimination, the Right to Sue within 90 Days Letters, or the state court complaint. Although often these documents are essential to a Court's consideration of exhaustion, they are unnecessary in this instance because Plaintiff never exhausted under the WVHRA, a prerequisite to getting a Right to Sue within 90 Days Letter from the EEOC. Therefore, the Court does not reach the issue confronting many courts, that is whether the substance of the claims made in federal court were exhausted by the allegations made in the Charge of Discrimination. *See generally Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) ("If the claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." (Internal quotation marks and citations omitted)). In addition, as this Court does not have subject matter jurisdiction, it does not address the other issues raised by the parties, including whether Plaintiff's claims are otherwise time barred or whether equitable tolling should apply, which would not deprive the Court of subject matter jurisdiction. *See Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416 (4th Cir. 2014) (stating "[t]he failure to timely file an EEOC charge, however, does not deprive the district court of subject matter jurisdiction" (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

[11] Plaintiff did not file a retaliation claim for filing her first Charge of Discrimination with the EEOC in the current Complaint. *See Ackerson v. Rector & Visitors of the Univ. of Va.,* No. 3:17CV00011, 2017 WL 5161993, at *3 (W.D. Va. Nov. 7, 2017) (recognizing the Fourth Circuit has said that "[b]ecause an act made by an employer in retaliation for the filing of an EEOC charge is reasonably related to that charge, no additional charge is required" for exhaustion purposes (citations omitted)).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 27, 2018

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE